Mr. Justice Thachee
delivered the opinion of the court.
This is a writ of error to the superior court of chancery.
The history of the case is as follows: In June, 1835, La Roche and wife filed their bill in the circuit court of Wilkinson county, against Poindexter, Enos and Dunbar, to foreclose a mortgage upon certain lands, executed by Poindexter, in 1829, to secure the payment of a sum of money, which amount, with its interest, was contained in fourteen promissory notes, made by Poindexter, in favor of Nathaniel A. Ware, the attorney in fact of La Roche and wife. It was charged, that there remained due and unpaid upon said notes, at the time of the filing of that bill, the sums of $1215 and $194 24 upon two of the notes, payable January 1st, 1835, and the sums of $1214 and $97 04 upon two of the notes, payable January 1st, 1836. Enos and Dunbar were purchasers of the land subsequently to the mortgage. After a variety of proceedings in the circuit court, and in November, 1836, a final decree was rendered in that court against Poindexter, as upon a pro confesso, for the sum of $3026 36. In February, 1837, Poindexter filed in the superior court of chancery a bill of review to this decree, and the decree of the circuit court was re-opened, and in 1838 Poindexter filed *710 his cross-bill to the original bill, alleging a payment to La Roche in 1831, of $1500. In January, 1839, this cross-bill was taken for confessed, and in March of that year, the cause was referred to Scudder and Feltus, or either of them, as commissioners, to state an account between the parties. In January, 1840, Scud-der alone, by consent of parties, took the account, and then made his report to the effect that Poindexter had paid the whole amount secured by the mortgage, and a sum over and above it. To this report exceptions were taken, and the sixth exception, based upon the ground that no notice of the settling of the report had been given to La Roche being sustained, the report was referred back to the commissioner to determine the other exceptions. This report was afterwards reported again to the court, without any alteration, by Feltus, the other commissioner, La Roche and wife not appearing before him. In April, 1842, a motion to sustain the exceptions to this report was allowed, and the report set aside. Subsequently to this, Dillingham was appointed commissioner in the case, but he declining to act on account of his relations with Poin-dexter, Lacoste was appointed, and in January, 1843, upon the application of Poindexter, McMurran was added to the commission, and both, or either authorized to act in the matter. In March, 1843, Lacoste filed his report, charging a balance of $4406 09 against Poindexter. Exceptions were filed by Poin-dexter to Lacoste’s report, which were referred to the master commissioner, Hughes, who, in hjs report, June 13th, 1843, disallowed all the exceptions. Upon the 3d July, 1843, no-further exceptions having been filed, the chancellor decreed finally in accordance with the report of Lacoste.
By an agreement of the counsel for both parties, all the proceedings in the Wilkinson county circuit court are to be disregarded in the examination of the case in this court, so far as any question of error may be concerned, and no objections to the form or manner of taking the depositions, or other formal objections connected with them are to be regarded, unless they appear by the record to have been saved by the parties.
The first point which presents itself for the consideration of *711 this court, is the order of the-- chancellor sustaining the sixth exception to Scudder’s report, and recommitting it to the commissioner for the determination of the other exceptions. The record shows the consent of counsel, that the commissioner Scudder should proceed to take the account, but there is no evidence that such consent was extended to give him authority also to proceed to settle his report without further notice to the complainants. The 38th rule of the chancery court requires a commissioner, after an examination of an account is concluded, to assign the parties a day to attend before him to the settling of his report, and to make such objections as they may have, in writing. The report of Scudder was therefore properly recommitted, if for that purpose alone. Upon this reference, the other commissioner, Feltus, for the first time, assumed to act in the premises, and reported back the same report without alteration. The same exceptions became again the subject of an argument, upon the coming in of the report of Feltus, and they were sustained by the chancellor. This decision was also correct, even upon the sixth exception, because, in point of fact, his report was never settled by Scudder, upon due notice to the parties, as required by the 38th rule of the court. The recom-mitment of the report was to “ the commissioner,” and the agreement, signed by counsel upon the recommitment was, that a fixed day was set when “ the commissioner” should settle his report. Who was that commissioner 1 Certainly, none other than Scudder. It was Scudder’s report, in which Feltus had taken no part, and it was competent for either of the commissioners to commence the proceeding without the other. It appears plain from the record, as well as the natural consequence of the exceptions, that the recommitment was to Scud-der, as the commissioner alone competent to determine the exceptions and settle the report.
A material question presented in the cause, is an. objection made to the competency of Nathaniel A. Ware, as a witness, and which is made one of the exceptions to the report of La-coste. Ware, as attorney in fact of La Roche and wife, was the payee of the notes secured by the mortgage, and in his testi *712 mony, he alleges that Poindexter was indebted also to him individually, and that the payments made to him by Poindexter and Enos, or a portion of their amounts, were made on account of this individual indebtedness, and not to him as attorney in fact of La Roche and wife, and upon account of the mortgage debt. This question brings up the case of a principal relying upon the evidence of his agent. In the rules of evidence respecting the interest of a witness, there is an exception, constituting a rule in favor of the admissibility of agents; but there are exceptions again to this rule. One of these exceptions is where a judgment in favor of the party calling the witness will procure a direct benefit to the witness himself. 1 Greenl. Ev. 464. A direct benefit would accrue to Ware, by a judgment in favor of La Roche and wife. It was for Ware’s interest to show that the money paid into his hands was paid to him upon his individual account, and not to him as the attorney in fact of La Roche and wife, because he at the same time secured the amount of his own debt, and provided La Roche and wife with a judgment against Poindexter. The interest of Ware consisted in possessing within his own control the means of securing'the payment of his own demand, and also to discharge himself from liability to his principals, by charging Poindexter for them. Accordingly, we are inclined to hold all that portion of Ware’s deposition which related to his individual transactions with Poindexter, to have been inadmissible in this case.
The report of LaCoste also raises another question of much moment in this controversy. The propriety of the application by Ware to his individual debt, of any portion of the payment made to him by Enos, may well be doubted. When Enos made the payment, it is true that he gave no directions respecting its application, but, under the circumstances, what application would the law make'? The debt due La Roche and wife was a mortgage debt, and that due to Ware individually was a debt upon a simple contract. Enos was also a purchaser of the property encumbered by the mortgage debt, and he says that at the time of the payment to Ware he knew of no other debt due to Ware by Poindexter but the mortgage debt. Had Ware *713 any right, in this state of case, to appropriate the payment made by Enos to the extinguishment of any other than the debt secured by the mortgage ? In the absence of any express direction, still a direction may be implied from circumstances. Mitchell v. Dall, 2 Har. & Gill. 159. It is surely a strong circumstance that the payment being made by Enos, whose only interest consisted in reducing the incumbrance resting upon the land of which he had become the purchaser, constituted a direction to apply the payment exclusively to that debt. It is settled, upon good authority, that “if a debtor is indebted on mortgage and simple contract, or on bond and simple contract, and when he makes a payment should neglect to apply it, the law will make application of it in the way most beneficial to the debtor; that is, to the mortgage or bond ; and in some cases the fund out of which the money arose, will direct the application. As where A. is indebted on bond and on judgment, and sells his 1 and, and the purchaser pays a sum of money to the creditor without application, the law will apply it to the judgment in exoneration of the land.” Gwinn et ux. v. Whittaker’s Adm’x. 1 Har. & Johns. 754; Dorsey v. Garraway, 2 Ibid. 402. See also Pattison et al. v. Hull et al. 9 Cow. 747, where all the cases establishing the foregoing principle are collected and examined.
The ground assumed in the argument of this cause that as upon the reference and report of the master commissioner) Hughes, no exceptions were filed by the plaintiff in error, he is thereby concluded from claiming any examination or reaping any benefit from the exceptions to Lacoste’s report, does not strike us with the force that seems to be trusted to it. There is no established rule or statute authorizing the chancellor to appoint a master commissioner, nor any rule by which the report of one commissioner can be referred to another for a determination of exceptions. The exceptions to Lacoste’s report were addressed to the chancellor, and the chancellor, by making a decree based upon the report of the master commissioner, Hughes, can be considered only as having adopted the report of Hughes, and thereby to have virtually himself overruled the exceptions.
*714 In accordance with the foregoing opinion, it follows as the judgment of this court, that the decree of the chancellor must be overruled, the exceptions above mentioned to Lacoste’s report sustained, and that report set aside, and the cause remanded for further proceedings.